UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80026-CIV-MARRA/JOHNSON

BUSH TRUCK LEASING, INC.,

Plaintiff,

vs.

DYNAMEX, INC., et al,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Office Depot, Inc.'s Motion for Judgment on the Pleadings with Respect to Court XVIII (DE 97).  The motion is fully briefed and ripe for review.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

According to the First Amended Complaint ("First Am. Compl."), this case involves a commercial dispute arising out of the contractual business relationships between Bush Truck Leasing, Inc. ("Plaintiff" "Bush"), a truck leasing company, Dynamex, Inc. ("Dynamex"), a delivery company whose drivers leased trucks from Plaintiff, and Office Depot ("Defendant" "Office Depot") an office supplies reseller for whom Dynamex provided delivery services. (First Am Compl. ¶¶ 1, 3, 7.) After Dynamex terminated its contract (hereinafter, the "Program Agreement") with Plaintiff, resulting in Dynamex drivers returning the trucks they had leased from Plaintiff, Plaintiff brought suit against Dynamex, alleging breach of various provisions of

the Program Agreement.[1] (First Am. Compl. ¶¶ 19-30) Later, Plaintiff sued Defendant, alleging that Plaintiff was a third-party beneficiary of a separate contract between Defendant and Dynamex (the "Master Transportation Agreement" or "MTA") and that, pursuant to the MTA, Defendant was obligated to purchase from Plaintiff the trucks that Dynamex drivers had returned. (First Am. Compl. ¶¶ 12-18, 33-38.)

Plaintiff brings the following claims against Defendant: breach of contract (count three); promissory estoppel (count five); unjust enrichment (count seven); fraud in the inducement (count fifteen); civil conspiracy (count seventeen) and declaratory judgment (count eighteen).[1]

The breach of contract claim states:

73. Bush is a known, intended third party beneficiary under the Dynamex-Office Depot Master Agreement.

74. Office Depot has failed to perform its obligations pursuant to the Dynamex-Office Depot Master Agreement. Accordingly, Office Depot is in material breach of the Dynamex- Office Depot Master Agreement, to which Bush is a third party beneficiary.

75. As a direct and proximately result of Office Depot's unlawful conduct, Bush has sustained damages in an amount to be proven at the trial of this action but presently believed to be in excess of $10,000,000.00.

With respect to the declaratory judgment claim, the First Amended Complaint states:

143. This claim is brought against Defendants for declaratory relief with respect to Bush and Defendants' rights and obligations relating to the Program Agreement, the March 22, 2006 Amendment, the Office Depot Amendment, related documents to lease certain vehicles for Office Depot routes, and the Dynamex-Office Depot Master Agreement, as amended, and including Schedules thereto.

144. An actual and real controversy exists between Bush and Defendants as to their respective rights and obligations under the Program Agreement, the March 22, 2006

---

[1] Plaintiff and Dynamex have settled their claims. (DE 50.)

[1] Count nineteen does not allege a cause of action but instead seeks punitive damages.

2

>Amendment, the Office Depot Amendment, related documents to lease certain vehicles for Office Depot route, and the and the Dynamex-Office Depot Master Agreement, as amended, and including Schedules thereto. Speedy intervention by this Court is necessary to preserve the rights of the parties.
>
>145.    Bush is entitled to a declaratory judgment regarding the rights and obligations of the parties under the Program Agreement, the March 22, 2006 Amendment, the Office Depot Amendment, related documents to lease certain vehicles for Office Depot routes, and the Dynamex-Office Depot Master Agreement, as amended, and including Schedules thereto.

Defendant moves for judgment on the pleadings with respect to the declaratory judgment claim on the basis that it is duplicative of the breach of contract claim and the facts alleged do not establish that Plaintiff is at risk of suffering an injury that will be repeated in the future. Plaintiff responds that it does not seek a declaration as to whether a party breached its duties, but a declaration regarding the rights and obligations of the parties under the agreements, for intervention to preserve the rights of the parties, and an order from the Court for Defendant to buy back Plaintiff's remaining trucks.

## II.  Legal Standard

"Judgment on the pleadings is proper when no issues of material fact exist, and the movant is entitled to judgment as a matter of law." Ortega .v Christian, 85 F.3d 1521, 1524 (11th Cir. 1996) citing Fed. R. Civ. P. 12(c).  The Court must assume that all facts in the complaint are true and view those facts in a light most favorable to the non-moving party.  See Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998).  A motion for judgment on the pleadings can be granted only if the non-movant can prove no set of facts which would allow it to prevail. Palmer & Cay, Inc. v. Marsh & McLennan Companies, Inc., 404 F.3d 1297, 1303 (11th Cir. 2005).

III.  Discussion

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).[2]  In deciding whether to entertain a declaratory judgment action, district courts are provided "ample" discretion.  See Kerotest Manufacturing, Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183-84 (1952) ("an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts" in their decision to adjudicate declaratory judgment claims).

The declaratory judgment is an all-purpose remedy designed to permit an adjudication whenever the court has jurisdiction, there is an actual case or controversy, and an adjudication would serve a useful purpose." Allstate Ins. Co. v. Employers Liability Assur. Corp., 445 F.2d 1278, 1280 (5th Cir. 1971).[3]  Rule 57 of the Federal Rules of Civil Procedure provides that "[t]he

---

[2] Plaintiff does not reference either the federal or state declaratory judgment act in the First Amended Complaint.  However, jurisdiction for this case is based upon diversity of citizenship. 28 U.S.C. § 1332.  (First Am. Compl. ¶ 9.)  Given that the "operation of the Declaratory Judgment Act is procedural," federal courts must apply federal procedural law under the Erie doctrine. GTE Directories Publishing Corp. v. Trimen American, Inc., 67 F.3d 1563, 1567 (11th Cir. 1995) (federal courts must apply federal procedural law); see also Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667 (1950) (federal declaratory judgment act is procedural in nature).  Thus, this claim will be construed as a federal declaratory judgment claim.  See Chapman v. Clarendon Nat. Ins. Co., 299 F. Supp. 2d 559, 563 (E.D. Va. 2004) (federal court construed state declaratory judgment claim as brought under federal declaratory judgment act); Haagen-Dazs Shoppe Co., Inc. v. Born, 897 F. Supp. 122, 126 n.2 (S.D.N.Y. 1995) (federal declaratory judgment act governs propriety of declaratory relief in diversity cases under Erie); DeFeo v. Proctor & Gamble Co., 831 F. Supp. 776, 779 (N.D. Cal. 1993) (federal declaratory relief action is implicated even in diversity actions).

[3] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that

existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." Fed. R. Civ .P. 57; Fed. R. Civ. P. 57 1937 Advisory Committee Notes ("the fact that another remedy would be equally effective affords no ground for declining declaratory relief. The demand for relief shall state with precision the declaratory judgment relief, cumulatively or in the alternative . . . .")  Accordingly, courts have held that the existence of another remedy does not preclude declaratory relief. See Powell v. McCormack, 395 U.S. 486, 517-18 (1969); Continental Casualty Co. v. Coastal Savings Bank, 977 F.2d 734, 737 (2d Cir. 1992); Greater Los Angeles Council on Deafness v. Zolin, 812 F.2d 1103, 1112 (9th Cir. 1987); Tierney v. Schweiker, 718 F.2d 449, 457 (D.C. Cir. 1983).

With this in mind, the Court will permit the declaratory judgment action to proceed. As pled, the declaratory judgment claim properly alleges Plaintiff's need for a declaration regarding its rights as well as intervention to preserve the rights of the parties. See Johnson v. GEICO Ins. Co., 08-80740-CIV, 2008 WL 4793616, at * 3 (S.D. Fla. Nov. 3, 2008) (rejecting the "argument that the declaratory judgment claim should not be entertained when the breach of contract claim provides [the p]laintiff with full and adequate relief"). Therefore, the fact that Plaintiff could have simply brought an action for breach of contract does not prevent it from also seeking a declaratory judgment regarding the rights and obligations of the parties under the agreements.[4] Id.

---

date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[4] The Court notes that Plaintiff asserts the declaratory judgment claim entitles it to an order from the Court mandating Defendant to buy back Plaintiff's remaining trucks which are the subject of the instant lawsuit. (Resp. at 9.) Although the Court is not ruling on the merits of this claim, the Court questions its ability to order such relief. See Florida Statutes § 672.716 (the right of specific performance is conferred on the buyer of goods, not the seller); Castigliano v.

citing City of Leominster v. Pittsburgh-Des Moines Steel Co., 201 F. Supp. 66, 68 (D. Mass.1962) (allowing declaratory judgment claim as well as breach of contract claim to proceed).

For the foregoing reasons, the Court denies Defendant's motion for judgment on the pleadings.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Office Depot, Inc.'s Motion for Judgment on the Pleadings with Respect to Court XVIII (DE 97) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of November, 2011.

_____
KENNETH A. MARRA
United States District Judge

---

O'Connor, 911 So. 2d 145, 148 (Fla. Dist. Ct. App. 2005) (specific performance is only granted when there is no adequate remedy at law).